# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Kimberly Evanna Bakke,

    Plaintiff

v.

Shirley Walker Makarian Lakai; et al,

    Defendants

Case No.: 2:26-cv-01021-JAD-BNW

**Order Granting Motion to Remand, Denying Motions to Dismiss without Prejudice, and Vacating Hearing**

[ECF Nos. 4, 6, 8, 19]

Kimberly Evanna Bakke claims that she was injured in a 2023 car accident in Las Vegas, Nevada. The at-fault driver left the scene, and Bakke's own insurance policy refused to cover the entirety of her medical bills, so she sued the driver Shirley Walker Makarian Lakai, Bakke's own insurer USAA Casualty Insurance Company (USAACIC), and USAACIC's claims processor United Services Automobile Association (USAA) in Nevada's Eighth Judicial District Court, asserting only state-law claims. Citing diversity jurisdiction, USAA removed the suit to federal court, and both insurers filed motions to dismiss.[1]

Although Bakke alleges in her complaint that Lakai was a resident of Seattle, Washington,[2] developments while effectuating service on Lakai suggest that she is living in Las Vegas, not Seattle. So Bakke moves to remand this case back to state court based on lack of diversity.[3] Because the burden to establish diversity of citizenship is on the removing defendant, and USAACIC has not met that burden, I grant Bakke's motion, remand this case back to state

---

[1] ECF No. 1 (notice of removal); ECF Nos. 4, 8 (motions to dismiss).

[2] ECF No. 1-2.

[3] ECF No. 6.

court, and deny the insurance defendants' motions to dismiss without prejudice to their refiling in state court.

**Discussion**

When a case is filed in state court between parties who are citizens of different states, and the case value is at least $75,000, the defendant may remove the case to federal court.[4]  "Federal courts are courts of limited jurisdiction."[5]  So there is a strong presumption against removal jurisdiction, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[6]  The defendant always has the burden of establishing that removal is proper.[7]

The plaintiff argues that remand is required because the removing defendants can't establish that Lakai isn't a citizen of Nevada, and her Nevada citizenship would align her with the plaintiff, who is a Nevada citizen, destroying diversity and depriving this court of subject-matter jurisdiction over this lawsuit.[8]  Plaintiff alleged in her complaint "[u]pon information and belief" that Lakai was the owner of the vehicle that collided with the one she was riding in, that the vehicle had a Washington license plate, and that Lakai "resides or previously resided at" a Seattle address.[9]  When removing this action, USAACIC represented that it is a Texas company,

---

[4] 28 U.S.C. §§ 1332, 1441, 1446.

[5] *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994).

[6] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[7] *Id.*

[8] ECF No. 6.

[9] ECF No. 1-2 at 2.

that USAA was fraudulently joined, so its citizenship must be disregarded, and that "Plaintiff and Lakai are admittedly diverse" based on the allegations in the complaint tying Lakai to Seattle.[10]

But as Bakke explains in her motion to remand, subsequent developments have cast doubt on Lakai's Washington residency. "When attempting to serve Defendant Lakai in Washington, it was discovered that she could not be located there. Instead, it was discovered that she had relocated to Nevada with an address of 5033 Sitka Lane, las Vegas, NV 89122." On his second attempt to serve Lakai at that Las Vegas address, a 17-year-old co-resident came to the door and "confirmed that" Lakai was living there.[11]

Of course, the diversity-jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. A person's state of citizenship is determined by her domicile, not her residence, and "[a] person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."[12]  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."[13]

In this case, neither the complaint nor the notice of removal pinpoints Lakai's domicile or citizenship. And as the Ninth Circuit noted in *Kanter v. Warner-Lambert Co.*, "the party asserting diversity jurisdiction bears the burden of proof" as to citizenship when jurisdiction is based on diversity.[14]  In their response to the motion to remand, the insurance defendants merely attack the quality of the plaintiff's proof of Lakai's citizenship; they don't offer any proof of

---

[10] ECF No. 1 at 4.

[11] ECF No. 18 at 3; ECF No. 8-1 at 2.

[12] *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).

[13] *Id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)).

[14] *Id*. at 857–58.

their own.[15]  So I find that the insurance defendants have not met their burden to establish that Lakai is a citizen of a state other than Nevada such that she is completely diverse from the plaintiff.[16]

**Conclusion**

IT IS THEREFORE ORDERED that Plaintiff Kimberly Evanna Bakke's motion to remand **[ECF No. 6] is GRANTED**; the Clerk of Court is directed to **REMAND this case** back to the Eighth Judicial District Court for Clark County Nevada, Case Number A-25-919584-C, and **CLOSE THIS CASE.**  All pending motions and applications **[ECF Nos. 4, 8, 19] are DENIED as moot** and without prejudice to their refiling in state court, and **the motion hearing scheduled for May 21, 2026, is VACATED**.

Dated: May 19, 2026

_____
U.S. District Judge Jennifer A. Dorsey

---

[15] *See generally* ECF No. 14 at 3–4.

[16] Because I grant the motion to remand on this basis, I need not and do not reach Bakke's other arguments, and I assume without deciding that USAA's citizenship should be disregarded.